UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| INDIAN HARBOR INSURANCE COMPANY | * * * | |
| Plaintiff | * | CIVIL ACTION NO. 09-7327 |
| VERSUS | * * | JUDGE JAY C. ZAINEY |
| BESTCOMP, INC AND GEORGE RAYMOND WILLIAMS, M.D., ORTHOPEDIC SURGERY, A PROFESSIONAL MEDICAL LLC | * * * * | MAGISTRATE JUDGE DANIEL KNOWLES, III |

* * * * * * * * * * * * * * * * * * * *

## WILLIAMS' MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS BESTCOMP'S CROSS CLAIM

*MAY IT PLEASE THE COURT:*

### INTRODUCTION

Bestcomp's cross-claim against George Raymond Williams, M.D., Orthopedic Surgery, a Professional Medical LLC (hereinafter "Williams") is Bestcomp's attempt to remove for a second time a state court action pending against Bestcomp even though (1) the U.S. District Court for the Western District of Louisiana remanded the state court action after Bestcomp removed it, and (2) the remand order is final, non-appealable, and cannot be reconsidered by any court. Bestcomp's efforts to remove the state court action again should be rejected (again).

As made clear by Bestcomp's cross-claim against Williams (Doc. 20), on September 30, 2009, Williams, individually and on behalf of a purported class of Louisiana healthcare providers, filed suit against Bestcomp in the Louisiana 27th Judicial District Court. That case is entitled *George Raymond Williams, M.D. et. al. v. Bestcomp, Inc* ("*Williams* state court action"), and bears docket number 09-05242-A. The *Williams* Plaintiffs seek statutory damages from Bestcomp pursuant to La. R.S. 40:2203.1 for its failure to comply with the statutory notice

1

provisions set forth by the Louisiana PPO Act. (See Doc. 1-2, *Williams* Petition attached to Plaintiff's Complaint). The *Williams* state court action against Bestcomp involves the same issues Bestcomp is attempting to bring before this Court in its cross-claim against Williams herein.

A few days after Bestcomp filed for protection under Chapter 11 of the Bankruptcy Code and instituted proceedings in the United States Bankruptcy Court, Eastern District of Louisiana,[1] Bestcomp removed the *Williams* state court action to the U.S. District Court for the Western District of Louisiana, and simultaneously asked the court to transfer the case to this Court. (*Exhibit A: Petition for Removal, and Exhibit B:Motion to Transfer*). On May 27, 2010, Judge Haik refused to transfer the case to this Court and <u>remanded</u> the *Williams* state court action back to Louisiana state court for lack of federal jurisdiction. (*Exhibit C: Order of Remand*).

On June 29, 2010, the Bankruptcy Court for the Eastern District of Louisiana signed an order lifting the automatic bankruptcy stay in the instant case, as well as the stay in the *Williams* state court proceeding (*Exhibit D: Orders lifting stays*). This Court likewise lifted the stay in the instant action and reopened the case on August 2, 2010. (Doc. 14).

In the instant action, Plaintiff Indian Harbor Insurance Company seeks declaratory relief concerning the parties' rights and obligations under a certain policy of insurance. In answering Indian Harbor's Complaint, however, Defendant Bestcomp asserted a cross-claim against Defendant Williams seeking the validity of an <u>affirmative defense</u> to the *Williams* state court action. Specifically, Bestcomp has challenged the constitutionality of the Louisiana statute upon which the *Williams* state court action is based (La. R.S. 40:2203.1). Because Bestcomp's constitutional challenge arises <u>solely</u> as a defense to the *Williams* state court action, Bestcomp

---

[1] *In re Bestcomp, Inc.,* No 09-13953

should not be permitted to effectively remove its defense to federal court via declaratory action procedure. For the reasons set forth herein, this Court should dismiss Bestcomp's cross-claim.

### **BESTCOMP IS NOT PERMITTED TO COLLATERALLY ATTACK THE WESTERN DISTRICT'S REMAND ORDER**

Despite the fact that the U.S. District court for the Western District of Louisiana already remanded the *Williams* state court action back to Louisiana state court, and also refused to transfer the case to this Court, Bestcomp has, yet again, attempted to remove the *Williams* action to federal court. Specifically, it has asserted an affirmative defense to the *Williams* state action (i.e. a constitutional challenge of the statute upon which Williams' state claims are based) by way of federal declaratory procedure to this court.

However, the Fifth Circuit has held that a defendant in an action that gets remanded to Louisiana state court by a federal district court for lack of subject matter jurisdiction may <u>not</u> seek declaratory or injunctive relief which would interfere with the state court proceedings as such would constitute an "impermissible collateral attack" on the federal court's remand order. In so holding, the Fifth Circuit recognized that a federal district court's remand order is not only *res judicata* as to the forum, but it is also unreviewable by an appellate court, or federal district court. *New Orleans Public Service v. Majoue,* 802 F.2d. 167 (5th Cir. 1986). Therefore, Bestcomp's efforts to collaterally attack the Western District of Louisiana's remand order by seeking declaratory relief against Williams in this Court should be flatly rejected, and its cross-claim against Williams should be dismissed. *Id.*

### **THIS COURT LACKS *ORIGINAL* AND *SUPPLEMENTAL* JURISDICTION OVER BESTCOMP'S CROSS-CLAIM AGAINST WILLIAMS**

Not only should Bestcomp's cross-claim against Williams be dismissed as an improper collateral attack on the Western District of Louisiana's remand order, but this Court does not

3

even have original jurisdiction over Bestcomp's cross-claim. It is undisputed that both Bestcomp and Williams are domiciled in Louisiana[2], and therefore this Court lacks diversity jurisdiction pursuant to 28 USC 1332. The federal court's lack of jurisdiction over the dispute was made clear by Western District of Louisiana's remand order (*Exhibit C*).

Further, Bestcomp's constitutional challenge of La. R.S. 40:2203.1 does not transform the state law dispute between the parties (i.e. whether Bestcomp is liable for statutory damages under La. R.S. 40:2203.1 for failing to comply therewith) into one arising under federal law. Therefore, Bestcomp's attempt to invoke this Court's jurisdiction under 28 USC 1331 ("federal question jurisdiction") should be rejected. For purposes of Bestcomp's <u>declaratory</u> action against Williams, it is the character of <u>Williams'</u> state court claim against Bestcomp – not Bestcomp's defenses thereto – that determines whether federal question jurisdiction exists, *Public Service Commission v. Wycoff*, 344 US 237, 73 S.Ct. 236 (1953); *Skelly Oil v. Phillips Petroleum*, 70 S.Ct. 876, 880, 339 U.S. 667, 673 (1950). Because Williams' claim against Bestcomp arises solely under state law (i.e. La. R.S. 40:2203.1), this Court does not have federal question jurisdiction over Bestcomp's cross-claim.

Because this Court lacks original jurisdiction over Bestcomp's cross-claim, it must dismiss Bestcomp's cross-claim unless supplemental jurisdiction exists under 28 USC 1367. However, supplemental jurisdiction is lacking under 28 USC 1367(a) because the controversy between Bestcomp and Williams is separate and distinct from the controversy between Plaintiff Indian Harbor and Bestcomp.

The case or controversy between Bestcomp and Williams arises solely under La. R.S. 40:2203.1, whereas the case or controversy between Plaintiff Indian Harbor and Bestcomp arises out of a policy of insurance issued by Indian Harbor. The insurance coverage questions raised by

---

[2] See Doc. 1, ¶'s 6 and 8.

Indian Harbor in no way involve the question of whether La. R.S. 40:2203.1(G) is in fact constitutional. Instead, Indian Harbor's instant declaratory action involves only the question of whether a policy of insurance would provide coverage if in fact the state court were to find Bestcomp liable for damages under La. R.S. 40:2203.1(G).

## THIS COURT MUST ABSTAIN FROM EXERCISING SUPPLEMENTAL JURISDICTION, IF IT EXISTS

Even if this Court has supplemental jurisdiction over Bestcomp's cross-claim (it does not), it has great discretion in deciding not to exercise that jurisdiction. 28 USC 1367(a),(c); *Carlsbad Technology, Inc. v. HIF Bio, Inc.* In fact, the Court must abstain from exercising jurisdiction over Bestcomp's cross-claim as required by the Anti-Injunction Act (28 USC 2201). Federal law prohibits defendants in first-filed state court action to raise its affirmative defenses thereto to federal court via declaratory action procedure, as discussed below.

Bestcomp's cross-claim against Williams is an effective removal of one of its affirmative defenses to the *Williams* state court action pending against it. However, the U.S. Supreme Court has expressly forbidden a defendant in a first-filed state court action to pursue a subsequent declaratory action in federal court that would affect or otherwise enjoin the pending state action. *Samuels v. Mackell,* 401 U.S. 66 (1971). In *Samuels*, the Supreme Court observed:

> "[O]rdinarily a declaratory judgment will result in precisely the same interference with and disruption of state proceedings that the long-standing policy limiting injunctions was designed to avoid. This is true for at least two reasons. In the first place, the Declaratory Judgment Act provides that after a declaratory judgment is issued the District Court may enforce it by granting '[f]urther necessary or proper relief,' 28 U.S.C. §2202, and therefore a declaratory judgment issued while state proceedings are pending might serve as the basis for a subsequent injunction against those proceedings to 'protect or effectuate' the declaratory judgment, 28 U.S.C. §2283, and thus result in a clearly improper interference with the state proceedings. Secondly, even if the declaratory judgment is not used as a basis for actually issuing an

5

> injunction, <u>the declaratory relief alone has virtually the same practical impact as a formal injunction would</u>." *Id.* emphasis added.

Echoing the principles in *Samuels*, the U.S. Fifth Circuit in *Texas Employers' Insurance Association v. Jackson*, 862 F.2d. 491, 505 (5th Cir. 1988), otherwise known as "*Jackson II*," addressed the prohibition against using declaratory actions to assert defenses to pending state court proceedings and recognized that:

> "To allow declaratory relief [when an identical state action is [pending] would be  transform section 2283 from a pillar of federalism reflecting the fundamental constitutional independence of the states and their courts, to an anachronistic, minor technicality, easily avoided by mere nomenclature or procedural sleight of hand. *Jackson II, supra*.

Accordingly, under the mandates of *Samuels* and *Jackson II*, Bestcomp is prohibited from asserting its defense to the *Williams* state court action in federal court via a declaratory action because the Anti-Injunction Act would otherwise prohibit this Court from enjoining the *Williams* state court proceeding.

## **CONCLUSION**

Instead of litigating its affirmative defense to the *Williams* state court action in Louisiana state court, Bestcomp is attempting to remove (for a second time) the *Williams* state court action to this Court via federal declaratory action procedure. In doing so, it has completely ignored the Western District of Louisiana's former remand order and refusal to transfer the case to this Court, as well as the fact that this Court lacks both original and supplemental jurisdiction over its cross claim. Further, the Anti-Injunction Act and fundamental federalism concerns upon which our dual court system was created mandate abstention, even if this Court otherwise had jurisdiction over Bestcomp's cross-claim. The U.S. Supreme Court and 5th Circuit Court of

Appeal expressly prohibit the procedural tactic Bestcomp is attempting to employ here, and its cross-claim should be DISMISSED.

                Respectfully Submitted,

                By:  /s Patrick Morrow
                PATRICK MORROW (09748)
                JAMES P. RYAN (11560)
                **MORROW, MORROW, RYAN & BASSETT**
                324 West Landry Street
                Opelousas, LA 70570-5120
                Telephone: (337) 948-4483

                **MURRAY LAW FIRM**
                NICOLE IEYOUB-MURRAY (28088)
                STEPHEN B. MURRAY, JR. (23877)
                ARTHUR M. MURRAY (27694)
                650 Poydras St., Suite 1100
                New Orleans, LA 70130
                Telephone: (504) 525-8100

                **STOCKWELL, SIEVERT, VICCELLIO, CLEMENTS & SHADDOCK, LLP**
                JOHN S. BRADFORD (03369)
                One Lakeside Plaza, Fourth Floor
                Lake Charles, LA 70601
                Telephone: (337) 436-9491

                ATTORNEYS FOR DEFENDANT WILLIAMS

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing *MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS BESTCOMP'S CROSS CLAIM* was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent by operation of the court's electronic filing system to the following:

COUNSEL FOR INDIAN HARBOR INSURANCE COMPANY:

    Marshall M. Redmon    redmonm@phelps.com
    Pablo Gonzalez    gonzalep@phelps.com
    Kelly Kromer Boudreaux    kelly.boudreaux@phelps.com

COUNSEL FOR BESTCOMP, INC:

    James M.White    jwhite@jmwhitelaw.com
    Lawrence W. Ferguson    lwferguson@socket.net

This 5th day of October, 2010.

    s/Patrick Morrow