UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| INDIAN HARBOR INSURANCE COMPANY | * * * | |
| Plaintiff | * | CIVIL ACTION NO. 09-7327 |
| VERSUS | * * | JUDGE JAY C. ZAINEY |
| BESTCOMP, INC AND GEORGE RAYMOND WILLIAMS, M.D., ORTHOPEDIC SURGERY, A PROFESSIONAL MEDICAL LLC | * * * * | MAGISTRATE JUDGE DANIEL KNOWLES, III |

* * * * * * * * * * * * * * * * * * * *

**WILLIAMS' REPLY MEMORANDUM
IN SUPPORT OF ITS MOTION TO DISMISS BESTCOMP'S CROSS CLAIM**

*MAY IT PLEASE THE COURT:*

Bestcomp is impermissibly asking this Court to serve as the reviewing court for the Western District of Louisiana's order remanding the *Williams* state court action[1] and its refusal to transfer that action to this Court.  Bestcomp's cross claim does nothing but ask this Court to rule on the validity a defense to the *Williams* state court action – that is, whether the statute forming the basis of the state court action (La. R.S. 40:2203.1) is constitutional.  When remanding the *Williams* action to state court, Judge Haik explicitly found that the *Williams* state court action arises only under Louisiana law, involves only Louisiana parties, and belongs only in Louisiana state court[2].

Contrary to Bestcomp's suggestion, the fact that Bestcomp has asserted a constitutional <u>defense</u> to Williams' state law claim does not provide this Court with an independent basis to consider the merits of the state law claim. Just as a federal defense does not allow the removal of

---

[1] *George Raymond Williams, M.D. et. al. v. Bestcomp, Inc,* docket number 09-05242-A, Louisiana 27th Judicial District Court

[2] EXHIBIT E -  Excerpts from Hearing on Motion to Remand *Williams* state court action.

1

a claim arising under state law[3], it does not transform a declaratory action into one arising under federal law[4] or otherwise warrant this Court's review of the Western District's unreviewable remand order. Further, fundamental concepts of federalism and comity prohibit Bestcomp from asserting its defenses to the pending *Williams* state court action via federal declaratory action procedure, as such would be a "clearly improper interference with the state proceedings." *Samuels v. Mackell,* 401 U.S. 66 (1971); *Texas Employers' Insurance Association v. Jackson*, 862 F.2d. 491, 505 (5th Cir. 1988).

In addition to the fact that Bestcomp's cross claim is an impermissible collateral attack on the remand order, supplemental jurisdiction is lacking as the *Williams* state court action is simply not the same "case or controversy" as the insurance coverage dispute Plaintiff Indian Harbor has presented in its original action. At issue in Indian Harbor's instant declaratory action is not whether Williams is entitled to the relief it seeks from Bestcomp in the state court action, but instead, whether its insurance policy would provide coverage if Williams was to prevail in state court. Bestcomp's attempt to seek from this Court a ruling as to validity of a defense to the *Williams* state court action is wholly improper and should be rejected.

**A. This Court Lacks Jurisdiction over Bestcomp's cross claim**

Bestcomp's cross claim is an improper collateral attack on the Western District's unreviewable order remanding the *Williams* state court action, and therefore, this Court must dismiss Bestcomp's cross claim. *New Orleans Public Service, Inc. v. Majoue*, 802 F.2d. 166 (5th

---

[3] See *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern California, et. al*, 463 U.S. 1, 103 S.Ct. 2841 (U.S. 1983).

[4] The character of Williams' state court claim against Bestcomp, not Bestcomp's defenses, determines whether federal question jurisdiction exists over Bestcomp's declaratory action (i.e. cross claim). *Public Service Commission v. Wycoff,* 344 US 237, 73 S.Ct. 236 (1953)*; Skelly Oil v. Phillips Petroleum,* 70 S.Ct. 876, 880, 339 U.S. 667, 673 (1950)*.*

Cir. 1986). (*"NOPSI")*; 28 USC 1447. Bestcomp's attempt to distinguish *NOPSI* fails. In *NOPSI*, a defendant-employer unsuccessfully removed a former employee's wrongful discharge claim, and the case was remanded for lack of jurisdiction. Thereafter, the defendant filed a declaratory action in federal court asking the federal court to consider again whether it did in fact have jurisdiction over the employee's state law claim, and to likewise issue an injunction over the state court proceedings. The Fifth Circuit dismissed the employer's declaratory action for lack of jurisdiction under 28 USC 1447(d) to collaterally review a prior remand order.

In the instant matter, Bestcomp is doing just as NOPSI attempted to do – it is trying to get this Court to reconsider the prior order remanding the *Williams* state court action by suggesting that the *Williams* state court action arises under federal law. Contrary to Bestcomp's suggestion, the fact that Bestcomp did not argue its constitutional defense as a ground on which to remove the *Williams* state court action is irrelevant. Bestcomp removed the *Williams* action, that action was remanded, and now Bestcomp is precluded from either removing that action again or otherwise seeking review of the remand order. Simply put, Williams' state law claims, and Bestcomp's defenses, must be resolved in state court where they belong.

The cases Bestcomp relies on, *Sphere Drake Insurance PLC v. Marine Towing, Inc*[5]., and *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*[6], are simply inapplicable. They involve <u>federal claims to compel arbitration</u>, which were expressly authorized by federal law as separate "controversies" distinct from the previously remanded disputes between the parties. Bestcomp, however, is asking this Court to rule on the merits of the <u>same claim</u> that has already been remanded to state court, which is wholly improper under *NOPSI, supra.* As the Fifth Circuit

---

[5] 16 F.3d 666 (5th Cir. 1994)
[6] 637 F.2d 391 (5th Cir. 1981)

3

recognized, the declaratory judgment act is not intended to enable a party "to accomplish…what could not be accomplished under the removal act." *Id.*

Further, Bestcomp has not provided any authority supporting its suggestion that supplemental jurisdiction automatically exists over any cross-claim that it asserts. Instead, supplemental jurisdiction over Bestcomp's state court defense would exist only if Williams' state court claims arising under La. R.S. 40:2203.1 (and Bestcomp's defenses)[7] were "so related" to Indian Harbor's insurance coverage dispute that "they form part of the same controversy under Article III of the United States Constitution." 28 USC 1367. See also Fed. R. Civ. P. 13(g).

Indian Harbor's instant action and the *Williams* state court action simply do not have the "same core of operative facts." The facts and evidence necessary to interpret the Indian Harbor insurance policy are wholly unrelated to the facts and evidence necessary to rule on the merits of the *Williams* state court action (i.e. whether Bestcomp complied with La. R.S. 40:2203.1). Indian Harbor has not asked (and cannot ask) this Court to rule on the merits of the state court action, but has instead asked the Court to determine whether it is required to defend Bestcomp in the state court action and/or provide coverage in the event that Bestcomp is found liable in the state court action.

*TIG Insurance v. Eagle Inc.*, 2005 WL 2037557, (E.D. La. 2005), cited by Bestcomp, is unpersuasive. It involves claims, counterclaims, and cross claims between two insurers and an insured regarding the two insurers' obligations to defend the insured in pending asbestos litigation and/or provide coverage if in fact the insured was found liable in the asbestos litigation.

---

[7] Again, since Bestcomp has asserted a declaratory action against Williams, it is the **character of Williams' state court claim** that should be considered. *Public Service Commission v. Wycoff,* 344 US 237, 73 S.Ct. 236 (1953*); Skelly Oil v. Phillips Petroleum,* 70 S.Ct. 876, 880, 339 U.S. 667, 673 (1950*).*

Unlike Bestcomp's cross claim, the insured's coverage related cross claim in *TIG* did not involve the merits of the litigation pending against the insured.

**B.  The Court Should Decline to Exercise Supplemental Jurisdiction (if any).**

Even if the Court has supplemental jurisdiction over Bestcomp's defense to the *Williams* state court action (it does not), it should decline to exercise it. As recognized by the Supreme Court, the doctrine of pendent, or supplemental, jurisdiction upon which 28 USC 1367 was based is a doctrine of discretion, and not a plaintiff's right. *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966).  Under 28 USC 1367(c)(4) – which is the catchall provision for declining supplemental jurisdiction[8] – a court should decline supplemental jurisdiction when "in exceptional circumstances, there are compelling reasons for declining jurisdiction." In considering this "catchall" provision, a court should inquire as to whether concerns of economy, comity, convenience and fairness provide compelling reasons for declining jurisdiction. *Wolinsky v. Oak Tree Imaging*, *LP*, 362 B.R. 770 (S.D. Tex. 2/9/07). See also *Reynosa v. Wood,* 134 F.3d 369 (5th Cir. 12/18/97).

In addition to the fact that Western District's prior remand order is clearly a "compelling reason" to decline supplemental jurisdiction, the U.S. Supreme Court, and U.S. Fifth Circuit, have expressly recognized that principles of comity, equity, and federalism embodied in the Anti-Injunction Act (28 USC 2283) forbid a defendant in a first-filed and pending state court action from asserting its defenses in federal court by way of a declaratory action. *Samuels v. Mackell,* 401 U.S. 66 (1971); *Texas Employers' Insurance Association v. Jackson*, 862 F.2d. 491, 505 (5th Cir. 1988). This is exactly what Bestcomp has done herein. Certainly, the Supreme Court's prohibition of Bestcomp's claim is exactly the type of "compelling reason" contemplated

---

[8] See *Wolinsky v. Oak Tree Imaging*, *LP*, 362 B.R. 770 (S.D. Tex. 2/9/07).

by 28 USC 1367(c)(4), and this Court should decline to exercise supplemental jurisdiction to the extent it exists.

Bestcomp's unsupported suggestion that a court can decline <u>supplemental</u> jurisdiction under 28 USC 1367(c)(4) <u>only</u> when abstention under the *Colorado River* abstention doctrine is satisfied should be ignored. Bestcomp inexplicably analyzes the six factors cited in *Nationstar Mortgage LLC v. Knox*[9], failing to explain that *Nationstar* does not involve supplemental jurisdiction, but instead involves an analysis of whether *Colorado River* abstention is required. While applicability of the *Colorado River* abstention doctrine would certainly be a compelling reason to decline supplemental jurisdiction, it is <u>not</u> the <u>only</u> compelling reason contemplated by 28 USC 1367(c)(4).

For each of the foregoing reasons, as well as those set forth in Williams' original Memorandum in support of its Motion to dismiss, Williams' Motion to Dismiss should be GRANTED and Bestcomp's Cross Claim DISMISSED so as to preclude Bestcomp from litigating its defense to a first-filed and pending state court action in federal court when the state court action has already been remanded for lack of federal subject matter jurisdiction.

                                                              Respectfully Submitted,

                                                              **STOCKWELL, SIEVERT, VICCELLIO, CLEMENTS & SHADDOCK, LLP**

                                                              /s John S. Bradford
                                                             JOHN S. BRADFORD (03369)
                                                             One Lakeside Plaza, Fourth Floor
                                                             Lake Charles, LA 70601
                                                             Telephone: (337) 436-9491

---

[9] 351 Fed. Appx 844 (5th Cir. 8/25/2009)

**MURRAY LAW FIRM**
NICOLE IEYOUB-MURRAY (28088)
STEPHEN B. MURRAY, JR. (23877)
ARTHUR M. MURRAY (27694)
650 Poydras St., Suite 1100
New Orleans, LA 70130
Telephone: (504) 525-8100


PATRICK MORROW (09748)
JAMES P. RYAN (11560)
**MORROW, MORROW, RYAN & BASSETT**
324 West Landry Street
Opelousas, LA 70570-5120
Telephone: (337) 948-4483

ATTORNEYS FOR DEFENDANT WILLIAMS

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Reply Memorandum in Support of Motion to Dismiss was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent by operation of the court's electronic filing system to the following:

    COUNSEL FOR INDIAN HARBOR INSURANCE COMPANY:

        Marshall M. Redmon    redmonm@phelps.com
        Pablo Gonzalez    gonzalep@phelps.com
        Kelly Kromer Boudreaux    kelly.boudreaux@phelps.com

    COUNSEL FOR BESTCOMP, INC:

        James M.White    jwhite@jmwhitelaw.com
        Lawrence W. Ferguson    lwferguson@socket.net

This __3rd_____ day of ___November_____, 2010

                                            /s John S. Bradford