UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| INDIAN HARBOR INSURANCE COMPANY | CIVIL ACTION |
| VERSUS | NO: 09-7327 |
| BESTCOMP, INC., GEORGE RAYMOND WILLIAMS, M.D., ORTHOPEDIC SURGERY, A PROFESSIONAL MEDICAL LLC | SECTION: "A" (3) |

## ORDER AND REASONS

Before the Court is a **Motion for New Trial/Reconsideration (Rec. Doc. 84)** filed by Plaintiff, Indian Harbor Insurance Company ("Indiana Harbor"). Defendant, George Raymond Williams, M.D., Orthopedic Surgery, A Professional Medical LLC ("Williams"), opposes the motion. The motion, set for hearing on March 2, 2011, is before the Court on the briefs. For the reasons that follow, the motion is **GRANTED IN PART** and **DENIED IN PART**.

## I. BACKGROUND

This case presents a coverage dispute as to whether Indian Harbor's insurance policy provides coverage for claims asserted by Williams against Defendant, BestComp, Inc. ("Bestcomp"), in a putative class action in state court ("the *Williams* action") and whether Indian Harbor has a duty to defend Bestcomp in the *Williams* action. The plaintiffs in the *Williams* action allege that Bestcomp is a group purchaser that failed to comply with the notice requirements of section 40.2203.1 of the Louisiana Revised Statutes when applying discounts to workers' compensation medical bills for medical services. (Compl. Ex. 2 ¶ VI.) After the instant declaratory

1

judgement action was filed, the parties filed cross-motions for summary judgment on coverage issues and Indian Harbor's duty to defend Bestcomp in the *Williams* action. (Rec. Docs. 21 &34.) Bestcomp then asserted a cross-claim against Williams seeking a declaration that section 40.2203.1 of the Louisiana Revised Statutes violated Bestcomp's substantive due process rights under the Fourteenth Amendment of the United States Constitution. (Rec. Doc. 20.) Williams responded by filing a motion to dismiss Bestcomp's cross-claim. (Rec. Doc. 65.)

In the Court's Order and Reasons dated November 12, 2010, the Court ruled on the cross-motions for summary judgment, holding that Indian Harbor's insurance policy did not provide coverage for damages or attorneys' fees incurred by Bestcomp under section 40.2203.1(G) of the Louisiana Revised Statutes, but holding that Indian Harbor was obligated to defend or indemnify Bestcomp for its claims expenses incurred in the *Williams* action. (Rec. Doc. 76.) Subsequently, on February 1, 2011, the Court issued another Order and Reasons, dismissing Bestcomp's cross-claim against Williams for lack of subject matter jurisdiction and closing Indian Harbor's declaratory judgment action after concluding that all coverage issues had been resolved. (Rec. Doc. 83.)

Indian Harbor filed the instant motion for new trial/reconsideration, raising four grounds for new trial/reconsideration. (Indian Harbor's Mem. Supp. Mot. for Recons. 1-2.) First, Indian Harbor argues that its declaratory judgment action should be re-opened in order to assert a constitutional challenge against its duty to defend Bestcomp. (*Id.*) Second, Indian Harbor moves to re-open the declaratory judgment action because its other policy defenses to coverage have not been considered by the Court. (*Id.* at 2.) Third, Indian Harbor contends that its motion for reconsideration should be granted because the Court has supplemental jurisdiction over Bestcomp's cross-claim against Williams. (*Id.*) Fourth, Indian Harbor asserts that concepts of judicial efficiency and fairness support

2

reconsideration of the constitutionality of section 40.2203.1. (*Id.*)

Williams opposes the motion, arguing that the Court was correct in determining that it lacked supplemental jurisdiction over Bestcomp's cross-claim. Williams also contends that Indian Harbor's motion should be denied because Indian Harbor is raising the unconstitutionality of section 40.2203.1 as a defense for the first time in its motion for new trial/reconsideration. (Williams Mem. Opp'n to Mot. for Recons. 1-3.) Bestcomp has not filed any memorandum in response to Indian Harbor's motion for new trial/reconsideration.

## II. STANDARD OF REVIEW

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration. *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir.2000). Nevertheless, the Fifth Circuit has treated a motion for reconsideration as a motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure when filed twenty-eight days after entry of the judgment from which relief is being sought. *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir.1998); *see also* Fed. R. Civ. P. 59(e). Motions filed under Rule 59(e) question the correctness of a judgment. *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir.2002). A Rule 59(e) motion may be granted on four grounds: (1) the motion is necessary to correct a manifest error of law or fact upon which judgment is based; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; or (4) the motion is justified by an intervening change in controlling law. *Lines v. Fair Ins. Co.,* No. 08-1045, 2010 WL 4338636, at *1 (E.D. La. Oct. 21, 2010) (citing *Peterson v. Cigna Group Ins.*, No. 99-2112, 2002 WL 1268404, at *2 (E.D. La. June 5, 2002).

A district court has considerable discretion in granting or denying a Rule 59(e) motion.

*Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 174 (5th Cir.1990). Granting a Rule 59(e) motion is an extraordinary remedy and "should not be used to re-litigate old matters, raise new arguments, or present evidence that could have been raised prior to the entry of judgment." *Gabarick v. Laurin Mar. (America) Inc.*, No. 08-4007, 2010 WL 5437391, at *5 (E.D. La. Dec. 23, 2010).

## III. DISCUSSION

In the instant case, Indian Harbor timely filed its motion for new trial/reconsideration on February 11, 2011. In its motion for new trial/reconsideration, Indian Harbor argues that the declaratory judgment action should be re-opened because: (1) Indian Harbor is entitled to raise a constitutional challenge to section 40.2203.1 as a defense against its duty to defend; (2) a controversy remains regarding whether any other policy provision would excuse Indian Harbor from its defense obligation; (3) the Court has supplemental jurisdiction over Bestcomp's cross-claim; and (4) judicial concepts of efficiency and fairness warrant that the Court reconsider addressing the constitutionality of section 40.2203.1.

### *A. Whether Indian Harbor's Constitutional Challenge Precludes its Duty to Defend*

The Court first must decide whether Indian Harbor may raise a constitutional challenge to section 40.2203.1 in order to avoid its defense obligation. The parties agree that Louisiana law governs the interpretation of Indian Harbor's insurance policy. Under Louisiana law, "[a]n insurer's duty to defend is greater than its duty to provide coverage." *Landry v. Oceanic Contractors, Inc.*, 731 F.2d 299, 305 n.2 (5th Cir. 1984). An insurer has a legal duty to defend if the petition alleges a cause of action within the coverage of the policy. *Snug Harbor, Ltd. v. Zurich Ins.*, 968 F.2d 538, 545-46 (5th Cir. 1992). Courts apply the "eight-corners rule" and examine the "four corners" of the plaintiff's petition and the "four corners" of the insurance policy in determining whether an insurer

has a duty to defend the insured. *Motorola, Inc. v. Associated Indem. Corp.*, 02-0716 p. 18 (La. App. 1 Cir. 6/25/04); 878 So. 2d 824, 836. As a result, an insurer's duty to defend is determined solely by examining the plaintiff's pleadings and the insurance policy, without considering extraneous analysis. *Carnival Brands, Inc. v. American Guar. & Liab. Ins. Co.*, 98-958, p. 4 (La. App. 5 Cir. 1/26/99); 726 So. 2d 496, 498. "Under this analysis, the factual allegations of the plaintiff's petition must be liberally interpreted to determine whether they set forth grounds which raise even the possibility of liability under the policy." *Johnson v. Misirci*, 06-1136, p. 5 (La. App. 4 Cir. 3/28/07); 955 So. 2d 715, 719; *see also Reese v. Travelers Ins. Co.*, 129 F.3d 1056, 1061 (9th Cir. 1997). ("The question is not whether the allegations of the underlying complaint are meritorious, but whether [the insurer's] policy terms require it to provide a defense against such claims.") Thus, an insurer cannot avoid its duty to defend by arguing that the insured is not liable. *Dugas Pest Control of Baton Rouge, Inc. v. Mut. Fire, Mar. & Inland Ins. Co.*, 504 So. 2d 1051, 1054 (La. App. 1 Cir. 1987).

Under Louisiana law, the Court concludes that Indian Harbor has a duty to defend Bestcomp in the *Williams* action regardless of whether section 40.2203.1 is deemed unconstitutional. As noted by the court in *Dugas*, the duty to defend is not concerned with the merits of the allegations asserted against the insured. Rather, the duty to defend under Louisiana law is examined by looking at Indian Harbor's insurance policy and the state court petition. In the instant case, Indian Harbor's insurance policy explicitly provides coverage for claim expenses. A claim is defined under the policy as "a demand for money or services naming the insured arising out of an act or omission in the performance of professional services." Claim expenses are defined under the policy as " fees charged by attorneys designated by [Indian Harbor] or designated by the insured" and "all other

5

reasonable and necessary fees, costs and expenses resulting from the investigation, adjustment, negotiation, arbitration, mediation, defense, or appeal of a claim." Here, the *Williams* action qualifies as a claim because the *Williams* plaintiffs are demanding money from Bestcomp arising out of Bestcomp's alleged failure to provide notice of PPO discounts while rendering professional services. Moreover, Indian Harbor did not exclude from coverage its duty to defend against unconstitutional claims. Because the *Williams* action qualifies as a claim under Indian Harbor's policy and there is no exclusion barring the defense of alleged unconstitutional claims, Indian Harbor has a duty to defend Bestcomp in the *Williams* action regardless of whether Bestcomp is found liable.

In addition, the state court petition in the *Williams* action states forth a claim for liability because it alleges that Bestcomp has violated Louisiana law by allegedly failing to provide notice of PPO discounts. Furthermore, there is a possibility that Bestcomp will be held liable if section 40.2203.1 is found to be constitutional. Given that there is a possibility of liability under Indian Harbor's policy, *Johnson* dictates that Indian Harbor is obligated to defend Bestcomp. Moreover, Indian Harbor easily can raise its constitutional defense in the pending *Williams* action. *See Essex Ins. Co. v. Bourbon Nite-Life L.L.C.*, No. 05-0784, 2006 WL 304563, at *6 (E.D. La. Feb. 9, 2006) ("The Declaratory Judgment Act is not to be used to bring into federal court an affirmative defense which can be asserted in a pending state court action.") (citing *Int'l Assoc. of Entrepreneurs of Amer. v. Angoff,* 58 F.3d 1266 (8th Cir.1995); Wright, Miller & Kane, *Federal Practice and Procedure,* Civil 3d, § 2758, at 521). Also, Indian Harbor has failed to cite any case where an alleged unconstitutional statute bars an insurer's duty to defend. Thus, the Court concludes that Indian Harbor may not raise a constitutional challenge to section  40.2203.1 in this declaratory judgment action in order to avoid its obligation to defend Bestcomp in the *Williams* action. Nevertheless,

Bestcomp or Indian Harbor may raise the constitutional defense in the *Williams* action in order to avoid liability under 40.2203.1.

### B. Whether Other Policy Provisions Excuse Indian Harbor from its Duty to Defend

Indian Harbor also argues that its declaratory judgment action should be re-opened because it has not had the opportunity to demonstrate that other insurance policy provisions may excuse Indian Harbor from its duty to defend Bestcomp. The Court finds that this argument has merit. Thus, the Court will re-open Indian Harbor's declaratory judgment action pursuant to Rule 59(e) in order to prevent manifest injustice so that Indian Harbor may raise additional defenses regarding its duty to defend Bestcomp.

### C. Whether Supplemental Jurisdiction Exists over Bestcomp's Cross-Claim

In addition, Indian Harbor moves the Court to reconsider its prior ruling, which held that the Court lacked supplemental jurisdiction over Bestcomp's cross-claim. For the reasons previously given in the Court's prior ruling, reconsideration of this issue is denied. Although the Court recognizes that Indian Harbor's coverage dispute turns on both the language in the policy and the language in the petition underlying the *Williams* action, the constitutionality of section 40.2203.1 does not require interpretation of Indian Harbor's insurance policy. Rather, the constitutionality of section 40.2203.1 requires examination of the statutory language for violations of due process. Moreover, Bestcomp, the party that asserted the cross-claim, has not objected to the dismissal of its cross-claim.

### D. Whether Judicial Concepts of Efficiency and Fairness Apply

Finally, Indian Harbor contends that judicial concepts of efficiency and fairness require the Court to examine the constitutionality of section 40.2203.1 given that two parties already have

briefed the Court on the issue. As the Court previously stated, "neither the convenience of litigants nor considerations of judicial economy can suffice to justify the extension of the doctrine of [supplemental] jurisdiction." (Rec. Doc. 83) (quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 377 (1978)). Because the Court has determined that supplemental jurisdiction is lacking, Indian Harbor's motion for reconsideration regarding the constitutionality of section 40.2203.1 is denied.

## IV. CONCLUSION

After reviewing the applicable law and the parties' arguments, the Court finds that Indian Harbor's declaratory judgment action should be re-opened under Rule 59(e) in order to prevent manifest injustice in order to allow Indian Harbor to assert additional coverage defenses. Nevertheless, the Court finds that Bestcomp's cross-claim properly was dismissed for lack of subject matter jurisdiction and that this Court is not the proper forum to decide the constitutionality of section 40.2203.1.

Accordingly, and for the foregoing reasons;

**IT IS HEREBY ORDERED** that the **Motion for New Trial/Reconsideration (Rec. Doc. 84)** filed by Plaintiff, Indian Harbor Insurance Company is **GRANTED IN PART** and **DENIED IN PART**. The motion is granted to the extent that Indian Harbor's declaratory judgment action is re-opened so that Indian Harbor may raise additional coverage defenses. The motion is denied on all other grounds.

**IT IS FURTHER ORDERED** that Indian Harbor shall have twenty days to raise any and all policy defenses or they shall be deemed waived.

This 15th day of March, 2011.

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE